1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

9
10
11

| | |
|---|---|
| CONTROLTEC, INC., a California Corporation, | CASE NO. SACV10-01869 DOC (RNBx) |
| Plaintiff, | |
| v. | [~~PROPOSED~~] ORDER FOR ENTRY OF STIPULATED PROTECTIVE ORDER |
| MCT TECHNOLOGY, INC., a California Corporation, | |
| Defendant. | |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1564-1001 / 183905.1

[PROPOSED] ORDER FOR ENTRY OF STIPULATED PROTECTIVE ORDER

1    Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds that there

2  is a need to protect the confidentiality of certain documents and other information,

3  including but not limited to trade secrets such as customer and distributor lists, and

4  other confidential research, development, or commercial information such as

5  documents relating to sales projections and marketing documents, that would not be

6  made available to the parties in this action but for the special needs of this litigation.

7  Therefore, in order to expedite the flow of discovery material, facilitate prompt

8  resolution of disputes over confidentiality, adequately protect material entitled to be

9  kept confidential, and ensure that protection is afforded only to material so entitled,

10  pursuant to the Court's authority and with the consent of the parties,

11    IT IS HEREBY ORDERED THAT:

12    **1.    DEFINITIONS**

13    (a)    "Party" means any of the parties to this action, including officers and

14  directors of such parties.

15    (b)    "Counsel" means counsel of record for any Party,  and other lawyers at

16  their firm, and those attorneys' staff, or outside vendors (such as copy services, trial

17  graphics providers, and jury consultants) whose duties and responsibilities in the

18  conduct of this action require access to Protected Material.

19    (c)    "Discovery Material" means:

20    (i)    any information, document, tangible thing, or response to discovery

21  requests pursuant to Fed. R. Civ. P. 26, 31, 33, 34 or 36;

22    (ii)    any deposition testimony or transcript pursuant to Fed. R. Civ. P. 30 or

23  31;

24    (iii)    any document, thing, or premises made available for inspection or

25  produced to the Receiving Party pursuant to Fed. R. Civ. P. 26, 33, or 34;

26    (iv)    any document, thing, or premises made available for inspection or

27  produced to the Receiving Party in response to a subpoena pursuant to Fed. R. Civ.

28  P. 45; and

1    (v)    any other document or information exchanged or disclosed formally or

2  informally in this action.

3    (d)    "Producing Party" means a party to this action, including all directors,

4  employees, and agents (other than Counsel) of the party, or any third party that

5  produces or otherwise makes Discovery Material available to a Receiving Party.

6    (e)    "Receiving Party" means a party to this action, including all

7  employees, agents, and directors (other than Counsel) of the party, that receives

8  Discovery Material from a Producing Party.

9    (f)    "CONFIDENTIAL" means any Discovery Material that the Producing

10  Party reasonably believes embodies:  (i) commercially sensitive, competitive, or

11  other confidential business information; (ii) information invasive of an individual's

12  legitimate privacy interests; (iii) other sensitive material that the Producing Party

13  does not customarily disclose to the public and that has not been made public; or

14  (iv) third-party documents or information that the third party currently maintains as

15  CONFIDENTIAL and is seeking to maintain as CONFIDENTIAL for purposes of

16  this action.

17    (g)    "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" means

18  CONFIDENTIAL information that the Producing Party reasonably believes is so

19  sensitive or confidential that in order to protect the reasonable interests of the

20  Producing Party in maintaining the confidentiality of such information, the

21  disclosure of such information must be limited to the persons to whom

22  CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information may be

23  disclosed pursuant to this Protective Order.  Such information may include, but is

24  not limited to: (i) non-public sales, marketing, manufacturing, or customer-specific

25  information (bids, pricing, costs, delivery, and/or scheduling), product development

26  strategies or tactics, or strategy tactics being considered, discussed, or proposed; (ii)

27  manufacturing or other costs of doing business; (iii) manufacturing processes,

28  research and development documents; (iv) the numeric quantification of the

1    Producing Party's sales, revenues, prices, expenses, profits, earnings, or market

2    shares; (v) product testing; (vi) current product or services strategies; (vii) future

3    product or services strategies; (viii) documents and/or oral testimony disclosing any

4    future, proposed, or hypothesized marketing, sales, product development, or

5    manufacturing tactic or strategy; (ix) pending patent applications or patent

6    disclosures for patents belonging to a Party; (x) joint development agreements, joint

7    ventures, and strategic alliances; and (xi) proprietary source code or software logic.

8           (h)    "Protected Material" means any Discovery Material that is designated

9    as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

10   ONLY in accordance with paragraphs 2(a) and 2(b) below, and any copies,

11   abstracts, summaries, or information derived from such Discovery Material, and any

12   notes or other records embodying or disclosing the contents of such Discovery

13   Material.

14          2.     DESIGNATION OF PROTECTED MATERIAL

15          (a)    Any Discovery Material produced or given in this action that is

16   asserted by the Producing Party to contain or constitute CONFIDENTIAL

17   information shall be so designated by the Producing Party.  Each such Discovery

18   Material, including every page (where reasonable) of every document or transcript

19   and any electronic media containing CONFIDENTIAL information, shall be

20   marked on its face with the following legend:

21          **CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

22          If the Receiving Party intends to show non-CONFIDENTIAL portions of a

23   document, transcript, or electronic media containing CONFIDENTIAL information

24   to a person or Party not described below in paragraph 3(a), it shall first redact all

25   pages designated CONFIDENTIAL.

26          (b)    Any Discovery Material produced or given in this action that is

27   asserted by the Producing Party to contain or constitute CONFIDENTIAL –

28   OUTSIDE ATTORNEYS' EYES ONLY information shall be so designated by the

1  Producing Party.  Each such Discovery Material, including every page (where

2  reasonable) of every document or transcript and any electronic media containing

3  CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information, shall be

4  marked on its face with the following legend:

5  **CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY**

6  **SUBJECT TO PROTECTIVE ORDER**

7           If the Receiving Party intends to show non-CONFIDENTIAL – OUTSIDE

8  ATTORNEYS' EYES ONLY portions of a document, transcript, or electronic

9  media containing CONFIDENTIAL – ATTORNEYS' EYES ONLY information to

10  a person or Party not described below in paragraph 3(b), it shall first redact all

11  pages designated CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY.

12           (c)      All deposition testimony taken in this action will be deemed

13  CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY for a period of

14  twenty (20) days from receipt of the final transcript.  Counsel for the Producing

15  Party and/or the party representing the deponent shall designate and mark which

16  portions of the transcript should be designated CONFIDENTIAL – OUTSIDE

17  ATTORNEYS' EYES ONLY, CONFIDENTIAL or non-CONFIDENTIAL by the

18  end of the twenty (20) day period, subject to paragraph 6(f).

19           (d)      When a Party produces files and records for inspection, no marking

20  need be made by the Producing Party in advance of the inspection.  For purposes of

21  the initial inspection, all documents within the produced files shall be considered

22  marked as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY.

23  Thereafter, upon selection of specified documents for copying by the inspecting

24  Party, the Party copying said documents shall mark the copies of such documents, if

25  necessary, with the appropriate confidentiality marking determined by the

26  Producing Party at the time of copying.

27           3.      **ACCESS TO PROTECTED MATERIAL**

28

(a)     Subject to paragraphs 3(d), 3(e) and 3(f), in the absence of an order of the Court, any CONFIDENTIAL information produced in accordance with the provisions of paragraph 2(a) above shall be used solely for purposes of the prosecution and defense of this action and shall not be disclosed to or discussed with any person other than:  (i) Counsel for the Receiving Party; (ii) the Receiving Party, if the Receiving Party is an individual, (iii) if the Receiving Party is not an individual, employees of the Receiving Party whose review of such information the Receiving Party reasonably believes is required for the conduct of this action; (iv) outside experts or consultants who are engaged for the purpose of this action by the Receiving Party and such experts' or consultants' staff, subject to paragraph 3(d); (v) the individual(s) who authored, prepared, or received the information; (vi) certified court reporters taking testimony involving such CONFIDENTIAL information; (vii) the Court (including any trier of fact) and court personnel in connection with the proceedings in this action.

(b)     Subject to paragraphs 3(d), 3(e) and 3(f), in the absence of an order of the Court, any CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information produced in accordance with the provisions of paragraph 2(b) above shall be used solely for purposes of the prosecution and defense of this action and shall not be disclosed to or discussed with any person other than:  (i) Counsel for the Receiving Party; (ii) outside experts or consultants who are engaged for the purpose of this action by the Receiving Party and such experts' or consultants' staff, subject to paragraph 3(d); (iii) the individual(s) who authored, prepared, or received the information; (iv)  certified court reporters taking testimony involving such CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information and their support personnel; and (v) the Court (including any trier of fact) and court personnel in connection with the proceedings in this action.

(c)     Custody of Protected Material.  All documents containing information received from the producing party designated CONFIDENTIAL or

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY and notes or other records regarding that information shall be maintained in the custody of Counsel for the Parties, and no partial or complete copies thereof containing Protected Material shall be retained by anyone else after their review of said Protected Material for purposes of this litigation is complete, except that outside experts and consultants may retain documents on a temporary basis for purposes of study, analysis, and preparation of the case.  A person with custody of Protected Material shall maintain it in a manner that limits access to persons authorized pursuant to paragraph 3(a) or 3(b) to have access to Protected Material.

(d)     Outside Experts and Consultants.  Subject to the provisions of this Protective Order, all Protected Material may be disclosed to any outside expert or consultant who has agreed to be bound by the terms of this Protective Order by signing an Acknowledgement form attached as Exhibit A.

(e)     Acknowledgment of Protective Order.  Before obtaining access to any Protected Material covered by this Protective Order, any person who is authorized to have access to Protected Material pursuant to paragraph 3(a)(ii), 3(a)(iii), 3(a)(iv), or 3(b)(ii) of this Protective Order must have agreed in writing to be bound by the terms of this Protective Order by signing an Acknowledgement form attached as Exhibit A.  All such signed Acknowledgment forms, except for those Acknowledgment forms signed by outside experts and consultants pursuant to paragraph 3(d), shall be given to the other Party at the final resolution of this matter.

(f)     Disclosure Pursuant to Consent.  Protected Material also may be disclosed to anyone so authorized by prior written consent of the designating Party or non-Party, and no Party is restricted in any way by this Protective Order in disclosing its own Protected Material.

(g)     Disclosure of Confidential Transcripts to the Deponent.  Deposition transcripts containing Protected Material may be shown to the deponent for the purpose of correction, but the deponent may not retain a copy of the transcript

1   unless (s)he has agreed in writing to be bound by the terms of this Protective Order

2   by signing an Acknowledgement form attached as Exhibit A.

3          (h)    If a document designated as CONFIDENTIAL or CONFIDENTIAL –

4   OUTSIDE ATTORNEYS' EYES ONLY refers to the conduct or affairs of a

5   potential witness, the Parties' Counsel may discuss such conduct or affairs with the

6   witness, but must do so without revealing that such document exists, its author, or

7   its source, unless the witness is otherwise authorized under this Protective Order to

8   have access to such document.

9          (i)    The limitations on disclosure contained in this Protective Order shall

10  not apply to documents or information that (i) Receiving Party can prove were in

11  the possession of the Receiving Party before disclosure by the Producing Party

12  without a restriction from any Party to this action; or (ii) are or become published or

13  available in a manner that is not in violation of this Protective Order.

14  **4.     DISCLOSURE TO EXPERTS OR CONSULTANTS**

15         In addition to the foregoing, at least five business days prior to making the

16  first disclosure of Protected Material to any expert or consultant, the Party making

17  such disclosure shall provide the Producing Party with a copy of the

18  Acknowledgment form signed by the individual and provide written notice:

19         (a)    Disclosing the identity of the expert or consultant;

20         (b)    Identifying the present employer of the expert or consultant; and

21         (c)    Providing a resume or curriculum vitae, including the cases in which

22  he or she has testified as an expert at trial or by deposition in the preceding four

23  years.

24         The disclosure of information regarding consultants or experts under this

25  Order shall not constitute a waiver of attorney-work product or privilege, and shall

26  not replace or modify the procedures provided under Fed. R. Civ. Proc. 26(a)(2) or

27  this Court's Scheduling Order.

28

1564-1001 / 183905.1

[PROPOSED] ORDER FOR ENTRY OF STIPULATED PROTECTIVE ORDER

1     A.     PROCEDURE FOR OBJECTING TO DISCLOSURE OF

2              MATERIALS REQUIRED TO BE PRODUCED PURSUANT TO

3              PRELIMINARY INJUNCTION.

4         Any Party may object to a disclosure to an expert or consultant within five

5 business days after receipt of the copy of the signed Acknowledgment form and

6 written notice set forth herein, by stating specifically in writing the reasons why the

7 Party believes such person should not receive the Protected Material.

8         In the event of an objection, no disclosure of Protected Material shall be

9 made to the expert or consultant for a period of eight business days following the

10 receipt of the objection.  The Party objecting to the disclosure to the expert or

11 consultant and the Party wishing to disclose such Protected Material to the expert or

12 consultant shall make good faith efforts to resolve the dispute within five business

13 days following the receipt of the objection.  If no such resolution is obtainable, the

14 objecting Party may move the Court, in accordance with the Local Rules for the

15 U.S.  District Court for the Central District of California and/or any applicable

16 Standing Order(s) (hereinafter collectively "Local Rules"), for an order that

17 disclosure not be made to such expert or consultant or that the disclosure be made

18 only upon certain conditions.  The moving Party shall have the burden of

19 establishing that good cause exists for such an order, and shall request to have the

20 matter decided by the Court at the earliest possible date.  If the objecting party does

21 not file a motion within three business days following the parties' meet and confer,

22 the Protected Material may be disclosed to such expert or consultant for the

23 purposes of and upon the conditions herein stated.

24     B.     PROCEDURE FOR OBJECTING TO DISCLOSURE OF

25              MATERIALS OTHER THAN THOSE REQUIRED TO BE

26              PRODUCED PURSUANT TO PRELIMINARY INJUNCTION.

27         Any Party may object to a disclosure to an expert or consultant within five

28 business days after receipt of the copy of the signed Acknowledgment form and

1   written notice set forth herein, by stating specifically in writing the reasons why the

2   Party believes such person should not receive the Protected Material.

3          In the event of an objection, no disclosure of Protected Material shall be

4   made to the expert or consultant for a period of eight business days following the

5   receipt of the objection.  The Party objecting to the disclosure to the expert or

6   consultant and the Party wishing to disclose such Protected Material to the expert or

7   consultant shall make good faith efforts to resolve the dispute within five business

8   days following the receipt of the objection.  If no such resolution is obtainable, the

9   objecting Party may move the Court, in accordance with the Local Rules for the

10  U.S.  District Court for the Central District of California and/or any applicable

11  Standing Order(s) (hereinafter collectively "Local Rules"), for an order that

12  disclosure not be made to such expert or consultant or that the disclosure be made

13  only upon certain conditions.  The objecting Party shall have the burden of

14  establishing that good cause exists for such an order, and shall request to have the

15  matter decided by the Court at the earliest possible date.  If the objecting party does

16  not file a motion within three business days following the parties' meet and confer,

17  the Protected Material may be disclosed to such expert or consultant for the

18  purposes of and upon the conditions herein stated.  If the objecting party makes

19  such a motion, there shall be no disclosure to such expert or consultant until the

20  Court has ruled upon the motion, and then only in accordance with the Court's

21  ruling.

22          **5.    COURT PROCEDURES**

23          If a document containing CONFIDENTIAL or CONFIDENTIAL –

24  OUTSIDE ATTORNEYS' EYES ONLY information is filed with the Court, it shall

25  be filed under seal in compliance with Local Rule 79-5.1 of the U.S. District Court

26  for the Central District of California and Section V of General Order 10-07 of the

27  Central District of California (revised August 2, 2010).  In accordance with Local

28  Rule 79-5.1, any proposed document to be filed under seal with the Court must be

1   accompanied by an application to file the papers or portion thereof containing the

2   protected information (if such portion is segregable) under seal, and this application

3   shall be directed to the judge to whom such papers are directed.  The parties should

4   also file a redacted version of the motion and supporting papers.

5          Any papers containing Protected Material shall indicate clearly what portions

6   are designated as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE

7   ATTORNEYS' EYES ONLY.  Upon request of the disclosing Party, the Court shall

8   return the originals of all CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS'

9   EYES ONLY documentation, provided that such request is made within thirty (30)

10  days of the final disposition of this case.

11         Nothing in this Protective Order shall be deemed to alter or otherwise amend

12  the Parties' obligation to follow the procedures set forth in Federal Rules of Civil

13  Procedure, the Local Rules of the U.S. District Court for the Central District of

14  California or any Order by this Court.  To the extent there is any conflict between

15  the obligations set forth in this Protective Order – which the parties do not believe is

16  the case – the Federal Rules of Civil Procedure, the Local Rules of the U.S. District

17  Court for the Central District of California and any Order by this Court shall

18  control.

19         **6.      HANDLING OF PROTECTED MATERIAL**

20         (a)     Nothing herein shall restrict a person authorized to have access

21  pursuant to paragraph 3(a) or 3(b) from making working copies, abstracts, digests,

22  and/or analyses of Protected Information for use in connection with this action.

23  Such working copies, abstracts, digests, and analyses shall be deemed to have the

24  same level of protection as the original Protected Material under the terms of this

25  Protective Order.  Further, nothing herein shall restrict an authorized recipient from

26  converting or translating such information into machine-readable form for

27  incorporation in a data retrieval system used in connection with this action,

28  provided that access to such information, in whatever form stored or reproduced,

1    shall be limited to authorized recipients.  Nothing in this Order shall be construed as

2    authorizing a party to disobey a lawful subpoena issued in another action.

3         (b)    If a Party through inadvertence produces any CONFIDENTIAL or

4    CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY document or thing

5    without labeling, marking, or otherwise designating it as such in accordance with

6    the provisions of this Protective Order, the Producing Party may give written notice

7    to the Receiving Party that the document or thing produced is deemed

8    CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

9    and should be treated as such in accordance with the provisions of this Protective

10   Order.  The Receiving Party must treat such document or thing with the noticed

11   level of protection from the date such notice is received.  Promptly upon providing

12   such notice to the Receiving Party, the Producing Party shall provide the Receiving

13   Party with another copy of the document or thing that bears the new confidentiality

14   designation under this Protective Order, at which time the Receiving Party shall

15   either destroy or return the originally produced document or thing to the Producing

16   Party at the option of the Producing Party.  The Receiving Party's disclosure, prior

17   to the receipt of notice from the Producing Party of a new designation, to persons

18   not authorized by paragraph 3(a) or 3(b) to have access to such information

19   pursuant to the subsequent designation shall not be deemed a violation of this

20   Protective Order.  However, the Receiving Party shall make a good faith effort

21   promptly to retrieve such document or thing from such persons not authorized to

22   receive such information and to obtain agreement from the person to whom the

23   disclosure was made to be bound by this Protective Order.  The Receiving Party

24   shall timely notify the Producing Party of the disclosure and the identity of the

25   person or entity to whom the disclosure was made.

26        (c)    In accordance with Fed. R. Civ. Proc. 26(b)(5)(B), if a Producing Party

27   inadvertently produces a document that otherwise is not discoverable for reasons of

28   the attorney-client privilege or work product immunity or both, such inadvertent

1  production shall not constitute any waiver of attorney-client privilege or work

2  product immunity and all copies of such inadvertently produced documents shall

3  promptly be returned by the Receiving Party to the Producing Party upon demand.

4          (d)      A Party or present employee of a Party may be examined and may

5  testify concerning all CONFIDENTIAL and CONFIDENTIAL – OUTSIDE

6  ATTORNEYS' EYES ONLY information produced by that Party, provided that the

7  present employee of the Party is authorized by the Party to have access to the

8  CONFIDENTIAL and CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

9  ONLY information produced by that Party.

10          (e)      A former employee of a Party, a current or former consultant of a

11  Party, and non-Parties may be examined and may testify concerning any document

12  containing CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS'

13  EYES ONLY information of a Producing Party that clearly appears on its face or

14  from other documents or testimony to have been prepared by, received by, known

15  by, or communicated to the employee, consultant or non-Party.

16          (f)      If no confidentiality designation of deposition testimony is made at the

17  time of the deposition, any transcript containing CONFIDENTIAL or

18  CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information shall be

19  designated as containing such information by no later than thirty (30) calendar days

20  after the date of such deposition.  Otherwise, such transcript shall not be deemed

21  Protected Material.

22          **7.      PROCEDURE TO CHALLENGE DESIGNATIONS**

23          This Protective Order shall not prevent any Party from disputing the

24  designation of information as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE

25  ATTORNEYS' EYES ONLY by a Producing Party and contending that said

26  information is not, in fact, CONFIDENTIAL or CONFIDENTIAL – OUTSIDE

27  ATTORNEYS' EYES ONLY information.

28

A.    PROCEDURE TO CHALLENGE DESIGNATIONS FOR
      MATERIALS REQUIRED TO BE PRODUCED PURSUANT TO
      PRELIMINARY INJUNCTION.

The Party objecting to the designation of information as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY shall first notify the Producing Party of its objections and seek the Producing Party's agreement on a re-designation of the information in question.  The Producing Party shall have fifteen (15) days to either reach agreement with the other Party on the appropriate designation for the information in question, or if no agreement is reached, to bring a motion before the Court, under the Local Rules applicable to discovery motions, asking the Court to confirm Producing Party's classification of said information as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY.  On any such motion, the Producing Party shall bear the burden of establishing the appropriateness of the CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY designation for each disputed item.  If no motion is filed by the Producing Party within fifteen (15) days after Producing Party's receipt of the other Party's objections to the designations, then the designations objected to by the other Party shall be deemed removed from the information in question.

No Party shall be obligated to challenge the appropriateness of any confidentiality designation, or confidential information by another Party or person, and the failure to do so shall not constitute a waiver or otherwise preclude a challenge to the designation in another or subsequent matter or action.

B.    PROCEDURE TO CHALLENGE DESIGNATIONS FOR
      MATERIALS OTHER THAN THOSE REQUIRED TO BE
      PRODUCED PURSUANT TO PRELIMINARY INJUNCTION.

The Party objecting to the designation of information as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY shall first notify the

1  Producing Party of its objections and seek the Producing Party's agreement on a re-

2  designation of the information in question.  The objecting Party shall have ten (10)

3  days to either reach agreement with the Producing Party on the appropriate

4  designation for the information in question, or if no agreement is reached, to bring a

5  motion before the Court, under the Local Rules applicable to discovery motions,

6  asking the Court to reclassify Producing Party's designation of said information as

7  CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

8  ONLY.  On any such motion, the Producing Party shall bear the burden of

9  establishing the appropriateness of the CONFIDENTIAL or CONFIDENTIAL –

10  OUTSIDE ATTORNEYS' EYES ONLY designation for each disputed item.

11         No Party shall be obligated to challenge the appropriateness of any

12  confidentiality designation, or confidential information by another Party or person,

13  and the failure to do so shall not constitute a waiver or otherwise preclude a

14  challenge to the designation in another or subsequent matter or action.

15         **8.      NO PROBATIVE VALUE**

16         This Protective Order shall not abrogate or diminish any contractual,

17  statutory, or other legal obligation or right of any Party or person with respect to

18  any Protected Material.  The fact that information is marked with a confidentiality

19  designation under the Protective Order shall not be deemed to be determinative of

20  what a trier of fact may determine to be confidential or proprietary or a trade secret.

21  The fact that any information is disclosed, used, or produced in any court

22  proceeding in this action with a confidentiality designation shall not be offered in

23  any action or proceeding before any court, agency, or tribunal as evidence of or

24  concerning whether or not such information is admissible, confidential, or

25  proprietary.

26         **9.      RIGHT TO FURTHER RELIEF**

27         Nothing in this Protective Order shall abridge the right of any person to seek

28  judicial modification or amendment of this Protective Order.

1564-1001 / 183905.1

[PROPOSED] ORDER FOR ENTRY OF STIPULATED PROTECTIVE ORDER

## 10.   RIGHT TO ASSERT OTHER OBJECTIONS

This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing Discovery Material.

## 11.   FINAL DISPOSITION

Within ninety (90) calendar days after final termination of this action, each Party shall assemble all documents and things furnished and designated by any other Party or non-Party as containing CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information, and all copies, summaries, and abstracts thereof, and shall either (a) return the documents and things to the Producing Party, or (b) destroy the documents and things; provided, however, that the attorneys of record for each Party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence, work product, transcripts and exhibits thereto, and attorney-client communications that include or are derived from Protected Material.  If a Party elects to destroy the documents, a Certificate of Destruction shall be served on all attorneys of record within ninety (90) calendar days of final termination of this action.

## 12.   SURVIVAL OF OBLIGATIONS

The obligations created by this Protective Order shall survive the termination of this action unless otherwise modified by the Court.  The Court shall retain jurisdiction, even after termination of this action, to enforce this Protective Order and to make such amendments and modifications to this Protective Order as may be appropriate.

//
//
//
//
//

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    By:                                    By:

4    /s/ Olivier A. Taillieu               /s/  William J. Caldarelli

5
     Olivier A. Taillieu                    William J. Caldarelli
6    Raffi V. Zerounian                     Michael D. Fabiano
     **ZUBER & TAILLIEU LLP**               MAZZARELLA CALDARELLI LLP
7    777 S. Figueroa Street, 37th Floor     550 West "C" Street, Suite 700
     Los Angeles, California  90017         San Diego, CA  92101
8    Telephone: (213) 596-5620              Telephone:   (619) 238-4900
     Facsimile: (213) 596-5621              Facsimile:   (619) 238-4959
9

10   Attorneys for Defendant MCT            Attorneys for Plaintiff Controltec, Inc.
     Technology, Inc.
11

12

13        IT IS SO ORDERED:

14

15   Date:  April 5, 2011

16                                          The Honorable David O. Carter
                                              United States District Judge
17

18

19

20

21

22

23

24

25

26

27

28

1564-1001 / 183905.1

17

[PROPOSED] ORDER FOR ENTRY OF STIPULATED PROTECTIVE ORDER

**APPENDIX A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

*Controltec, Inc. v. MCT Technology, Inc.*

U.S. District Court for the Central District of California, Santa Ana Division

Civil Action No. SACV10-01869 DOC (RNBx)

I, _____, declare under penalty of perjury under the laws of the United States and the State of California that I have read and understand in its entirety the Protective Order in the above-referenced lawsuit, and agree to adhere and to be bound by its terms.  I understand that any unauthorized disclosure of confidential information constitutes a violation of this Court's Protective Order, for which I may be held in contempt of court.  I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcement of the Protective Order.

Date: _____                    Name:_____

18

[PROPOSED] ORDER FOR ENTRY OF STIPULATED PROTECTIVE ORDER